ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Section
JOSEPH T. MCNALLY (Cal. Bar. 250289)
ROBERT J. KEENAN (Cal. Bar. 151094)
Assistant United States Attorneys
411 W. Fourth Street
Santa Ana, California 92701
Telephone: (714) 338-3500
Facsimile: (714) 338-3708
E-Mail: joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>PETER OJEDA, et al.,<br><br>             Defendants. | Case No. SA CR 11-148-JVS<br><br>OPPOSITION TO MOTION TO COMPEL DISCLSOURE OF GRAND JURY TRANSCRIPTS<br><br>DATE:  June 24, 2014<br>TIME:  3:00 p.m.<br>PLACE: Courtroom 10-C |

**INTRODUCTION**

Defendant TYRONE RYE ("defendant") alleges that the government possibly committed misconduct before the grand jury by eliciting perjured testimony, withholding exculpatory material, and failing to disclose witnesses' impeachment material and moves on that basis for an order compelling the government to disclose the grand jury transcript in this matter pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).[1]  Defendant's motion should be denied. Defendant does not cite any facts to support his allegations such that he can meet the heavy burden of showing possible flagrant prosecutorial misconduct by the prosecution team in the grand jury proceedings in this case.  Because defendant offers nothing more than speculation and unsubstantiated allegations of misconduct defendant has not shown a particularized need to overcome the presumption of secrecy for grand jury proceedings and his motion should be denied.

**ARGUMENT**

The Supreme Court has recognized that the "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979) (reversing order to release grand jury transcripts where there were insufficient factual reasons to justify request). Accordingly, there is a general presumption that the workings of the grand jury are secret and that such secrecy is fundamental to its proceedings.  Id.  Those secrecy interests do not end after the grand jury concludes its deliberations and returns an indictment:

---

[1] The Court's ruling on this motion does not impact any government obligation to provide the grand jury transcripts or portions thereof pursuant to Brady or Jencks.

1

> [I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful detriments to those who would come forward and aid the grand jury in the performance of its duties . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Id. at 222–23.

Federal Rule of Criminal Procedure 6(e)(2)(E)(ii) provides that a court may order disclosure of grand jury materials to a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Because grand jury materials are presumed secret, a district court should order disclosure of grand jury transcripts "only when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (quoting Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959)). The standard for establishing a particularized need is a "demanding" and "stringent" one as it requires a "compelling necessity." United States v. Welch, 201 F.R.D. 521, 524 (D. Utah 2001). Under this standard, "[t]he examination for the presence of the particularized need must be undertaken first and then, if shown, it will be evaluated against the need for continued secrecy." Id.

Importantly, "it is well established that mere unsubstantiated, speculative assertions of improprieties in the proceeding do not supply the particularized need required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835

(9th Cir. 1980); United States v. Carson, Case Number SA CR 09-77-JVS, Docket Number 435 (order denying defendant's motion for production of grand jury transcripts). Defendants must support their claim by setting forth specific facts in order to obtain disclosure of the secret grand jury materials. United States v. Abcasis, 785 F. Supp. 1113, 1119 (S.D.N.Y. 1992); see also United States v. Cole, 755 F.2d 748, 758-59 (11th Cir.1985); United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir.2001) (explaining that grand jury testimony may not be released "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information" (quoting United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999); United States v. Burke, 856 F.2d 1492, 1496 (11th Cir.1988) (observing that general allegations do not establish particularized need); United States v. Trochelmann, 1999 WL 294992, at *3 (S.D.N.Y. May 11, 1999) ("Allegations based on belief, such as defendant's allegations here, provide no reason to disregard the presumption of regularity of grand jury proceedings.") (internal citations omitted); United States v. Brown, 1995 WL 387698, at *7 (S.D.N.Y. June 30, 1995) ("[A] defendant's mere speculation as to what occurred in front of the grand jury does not warrant inspection of the minutes, either by disclosure to defense counsel or through in camera inspection by the Court.") (internal citations omitted). Accordingly, "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990) (citing United States v. Wilson, 565 F. Supp. 1416, 1436 37 (S.D.N.Y. 1983)("speculation and surmise as to what occurred before the grand jury is not a substitute for fact."); see also United States v.

3

Kalevas, 622 F.Supp. 1523, 1525 (S.D.N.Y. 1985)("Given the absence of any factual support for the allegations of misconduct, there is no reason to disregard the presumption of regularity of grand jury proceedings by either dismissing the indictment or inspecting the minutes in camera.")

Unable to cite any facts that support government misconduct before the grand jury in this case, defendant claims that he has a particularized need to review the grand jury transcripts because pending allegations of misconduct against state prosecutors and law enforcement in an unrelated state case may establish that the government committed misconduct in this case. Specifically, defendant points to allegations in a state court motion in People v. Scott Dekraai, a state death penalty case involving the individual who shot and killed multiple people at a Salon in Seal Beach in 2011, where Dekraai alleges that the Orange County District Attorney's Office and law enforcement officers, some of whom are a member of the Santa Ana Gang Task Force, violated Dekraai's Sixth Amendment right to counsel under Messiah when they used an informant to elicit incriminating statements after his Sixth Amendment right to counsel had attached. Defendant also alleges that the Dekraai proceedings have revealed that the Orange County District Attorney's Office withheld discovery in other cases, the Orange County District Attorney's Office has blamed the United States Attorney's Office for the failure to comply with their discovery obligations, and the United States Attorney's Office may not have followed internal policies with respect to informant handling.

Defendant's motion must be denied. As a preliminary matter, defendant offers nothing other than speculation and his own opinion

4

that the allegations in state court have any merit: "Defendant Rye has reason to believe there is substance to the allegations in part by reviewing the Dekraai motion and by reviewing the testimony of Supervising OCDA Dan Wagner Defendant." Defendant's opinion is irrelevant and contrary to defendant's representation to the Court, nothing in Wagner's testimony supports the conclusion that law enforcement officers committed perjury or any of the other misconduct allegations that defendant attempts to characterize as fact. Defendant's speculation and surmise are insufficient to compel disclosure.

Moreover, even if the Court assumes that defendant's theories regarding misconduct in a state case by potential witnesses in this case were true, defendant would not be entitled to the grand jury transcripts without setting forth some facts to establish that the misconduct in the state case infected the grand jury such that the government "flagrantly manipulated, overreached, or deceived the grand jury." United States v. Hickey, 367 F.3d 888 (9th Cir. 2004). Defendant offers no facts establishing such connection.[2] Because defendant has set forth no such facts, the motion must be denied.

Finally, defendant's argument that the transcripts are needed because the failure to disclose the backgrounds of the informants is grounds to dismiss the indictment also fails for the same reason as defendant offers no facts to support that the government withheld from the grand jury this information. Moreover, even if defendant

---

[22] To the extent that defendant claims he needs the transcripts in order to establish misconduct such a claim is not supported by the law. United States v. DeTar, 832 F.2d 1110, 1112 (9th Cir. 1987) (it is insufficient for defendant to insist he has no way of knowing if misconduct occurred before grand jury in order to obtain grand jury records).

5

presented facts to suggest that the government omitted impeachment material, this would not be grounds for dismissal.  See e.g. United States v. Al Mudarris, 695 F.2d 1182, 1185 (9th Cir.1983) ("prosecutor has no duty to present to the grand jury all matters bearing on credibility of witnesses or any exculpatory evidence."); see also United States v. Tham, 665 F.2d 855, 863 (9th Cir.1981) ("[A] grand jury need not be advised of all matters concerning credibility."); see also United States v. Sears Roebuck & Co., 719 F.2d 1386, 1391 (9th Cir. 1983)(noting that dismissal of indictment for prosecutorial misconduct is extremely rare remedy and reversing district court's dismissal where, among other things, prosecutor withheld exculpatory material.)  In any event, the Court need not reach that issue as defendant presents nothing other than unsubstantiated allegations that such material was withheld.

## CONCLUSION

For the foregoing reasons, defendant's motion should be denied.

DATED: June 4, 2014

ANDRÉ BIROTTE JR.
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office


       /s/
JOSEPH T. McNALLY
ROBERT J. KEENAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA