# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Case No. **SACR 11-00148 JVS**  Date  June 24, 2014

Present: The Honorable  James V. Selna

Interpreter  Analia Riggle for defendant #23

| Karla J. Tunis | Sharon Seffens | Joseph McNally / Rob Keenan |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| | U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|---|
| 1. | Peter Ojeda | X | X | | Craig Wilke | X | X | |
| 3. | Alberto Vargas | NOT | X | | Errol Stambler | X | X | |
| 4. | Donald Edward Aguliar | X | X | | Anthony Solis | X | X | |
| 5. | Jacobo Huanosto  (waiver on file) | NOT | | X | Nancy Kardon | X | X | |
| 8. | Thomas Rodriguez (waiver on file) | NOT | X | | Peter Johnson | X | X | |
| 11. | Tyrone Christopher Rye | X | X | | Marri Derby | X | X | |
| 13. | Richard John Gaona | X | X | | Joseph F. Walsh | X | X | |
| 15. | Joseph Lara  (waiver on file) | NOT | X | | David Phillips | X | X | |
| 16. | Raymond Quevedo | X | X | | Dominic Cantalupo | X | X | |
| 18. | Hector Moreno  (waiver on file) | NOT | X | | Robert Sticht | X | X | |
| 20. | Ruben Hernandez | X | X | | Angel Navarro | X | X | |
| 21. | Manuel Ochoa | X | X | | Marcia Brewer | X | X | |
| 23. | Humberto Sarabia | X | X | | Hemant (Shashi) Kewalramani | X | X | |
| 24. | Suzie Rodriguez | X | | X | Robison Harley | X | X | |
| 25. | Vanessa Murillo  (waiver on file) | NOT | | X | L. Jay Litman | X | X | |
| 26. | Nancy Osorio | X | | X | Stephanie Ames | X | X | |
| 27. | Ana Fuerte  (waiver on file) | NOT | | X | George Steele | X | X | |
| 28. | Jesse Covarrubias | X | | X | Thomas Wolfsen | X | X | |

Proceedings:  **Defendant Donald Aguilar's Motion for Disclosure of Gang Expert Testimony, The Basis of any Opinions Reached, and Request for Pretrial Hearing on the Admissibility of the Expert's Opinion (Fld 5-20-14)**

Joinders by defendants Ojeda [697];  Vargas [700], Rye [698], S. Rodriguez [699], Gaona [701], Osorio [702], Lara [706], Hernandez [708], Huanosto [713], Sarabia [715]; Moreno [720]; Quevedo [722]

**Cause called and counsel make their appearances.   The Court's tentative ruling is issued.   Counsel make their arguments.   The Court GRANTS IN PART and DENIES IN**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**PART the defendants' motion referenced above and rules in accordance with the tentative ruling, with changes stated on the record, as follows:**

This RICO gang prosecution commenced on June 29, 2011. (Indictment, Docket No. 1.) All three counts of the Indictment arise from the alleged activities of the Orange County Mexican Mafia ("OC Mexican Mafia"). Defendants Donald Aguilar ("Aguilar"), Peter Ojeda ("Ojeda"), Tyrone Rye ("Rye"), Suzie Rodriguez ("S. Rodriguez"), Alberto Vargas ("Vargas"), John Gaona ("Gaona"), Nancy Osorio ("Osorio"), Joseph Lara ("Lara"), Ruben Hernandez ("Hernandez"), Jacobo Huanosto ("Huanosto"), Humberto Sarabia ("Sarabia"), Hector Moreno ("Moreno"), and Raymond Quevedo ("Quevedo") (collectively, "Defendants") move for an order compelling the disclosure of summaries of the gang expert testimony that the Government anticipates presenting at trial pursuant to Federal Rule of Criminal Procedure 16. (Motion for Disclosure of Gang Expert Testimony ("Mot."), Docket No. 696; see also Notices of Joinder, Dockets Nos. 697, 698, 699, 700, 701, 702, 706, 708, 713, 715, 720, 722.) Defendants also seek an order setting a separate pre-trial Daubert hearing to determine the admissibility of any such expert testimony. (Id.) The United States of America (the "Government") opposes the Motion. (Opp'n, Docket No. 719.) Defendant Aguilar has replied. (Reply, Docket No. 733.) For the following reasons, the Court **ORDERS** the disclosure of the identities of the Government's anticipated gang experts 90 days in advance of trial. The Court further **ORDERS** the disclosure of the expert testimony summaries required by Rule 16(a)(1)(G) no later than 60 days before trial. The Court also **DENIES** Defendants' request for an order setting a separate Daubert hearing to assess the admissibility of this anticipated expert testimony.

## I.    Disclosure of Gang Expert Testimony

Defendants move pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) for "a written summary of any [expert] testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). Importantly, "this summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. Rule 16 is silent regarding the timing of such disclosures. However, "it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 Advisory Committee Notes (1993 Amendment).

The Government does not oppose the provision of gang expert discovery pursuant to Rule 16(a)(1)(G). (Opp'n 1.) The Government has represented that it will disclose this required information 30 days before trial. (Id. at 1-2.) Defendants argue that this proposed timetable is "totally insufficient to satisfy due process" and instead contend that the materials must be disclosed "at the earliest possible stage" in light of "the importance and potential prejudicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

impact of gang expert testimony." (Mot. 1 n.1, 2.) Defendants further argue that this disclosure must occur at a minimum of 90 days in advance of trial. (Reply 2.) The Court acknowledges Defendants' need for adequate time to properly investigate the gang expert testimony that the Government plans to present at trial. The Court concludes that the disclosure of the identities of these anticipated gang experts 90 days before trial will provide the defense with sufficient notice of this testimony. In addition, the Court orders the disclosure of the expert testimony summaries required by Rule 16(a)(1)(G) no later than 60 days before trial.

Defendants have also expressed concern that the Government will provide overly vague summaries of the proposed gang expert testimony that lack sufficient detail to enable the defense to properly prepare for trial. (Reply 2-4.) At this stage, these concerns are premature given that the Government acknowledges the need to comply with its discovery obligations under Rule 16. Furthermore, any challenges to the adequacy of these future disclosures can be taken up later. However, the Court does emphasize that it is incumbent upon the Government to fully comply with the expert witness disclosure requirements of Rule 16. As discussed previously, Rule 16(a)(1)(G) provides that the Government's expert disclosures must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Furthermore, such disclosures should include sufficient detail to enable the defense to thoroughly evaluate the opinions of the proposed experts and determine whether evidentiary objections are warranted. See Fed. R. Crim. P. 16(a)(1)(G) Advisory Committee Notes ("The [Rule] is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."); see also United States v. Duvall, 272 F.3d 825, 828 (7th Cir. 2001) ("The Rule requires a summary of the expected testimony, not a list of topics. The government's [inadequate] notice provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects.").

## II.    Scheduling of a Separate Pre-Trial Daubert Hearing

Defendants also seek an order setting a separate hearing for a pre-trial determination of the admissibility of the proposed gang expert testimony. The starting point for assessing the admissibility of expert testimony is whether an individual is "qualified . . . by knowledge, skill, experience, training, or education" to express opinions that will assist the trier of fact. Fed. R. Evid. 702. The Court acts as the "gatekeeper" with respect to the proffered expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 597 (1993). "[T]he law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." Kumho Tire, 526 U.S. at 142. Thus, the ultimate decision of whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

to hold a separate pre-trial <u>Daubert</u> hearing to assess the reliability of expert testimony is left to the sound discretion of the district court. <u>United States v. Altatorre</u>, 222 F.3d 1098, 1105 (9th Cir. 2000)

The Court denies Defendants' request for an order scheduling a separate <u>Daubert</u> hearing to determine the reliability of the proposed gang expert testimony at this time. The Government has yet to make its Rule 16 disclosures regarding the gang expert testimony that it plans to present at trial. Therefore, the number of gang experts and the extent of their proposed testimony is unknown at this time. Consequently, the Court cannot adequately determine whether such a hearing is warranted. Following the Government's Rule 16 disclosures, Defendants will have the opportunity to file <u>Daubert</u> motions challenging the admissibility of the proposed gang expert testimony. At that stage, the Court will be better equipped to determine whether to hold a separate pre-trial evidentiary hearing in connection with any <u>Daubert</u> motions. The Court emphasizes that the ultimate determination of whether to schedule such a hearing will depend upon the level of detail contained in the expert summaries provided by the Government pursuant to Rule 16. The more vague the summaries, the more likely the Court will find it necessary to assess the experts' reliability in a pre-trial <u>Daubert</u> hearing.

## III.   Conclusion

For the foregoing reasons, the Court **ORDERS** the disclosure of the identities of the Government's anticipated gang experts 90 days in advance of trial. The Court further **ORDERS** the disclosure of the expert testimony summaries required by Rule 16(a)(1)(G) no later than 60 days before trial. The Court also **DENIES** Defendants' request for an order setting a separate pre-trial <u>Daubert</u> hearing to assess the admissibility of this anticipated expert testimony.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|---|---|---|---|
| Initials of Deputy Clerk | kjt | | |