UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 11-00148 JVS | Date: June 24, 2014 |
| Present: The Honorable | James V. Selna | |
| Interpreter | Analia Riggle for defendant #23 | |

| Karla J. Tunis | Sharon Seffens | Joseph McNally / Rob Keenan |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| | U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|---|
| 1. | Peter Ojeda | X | X | | Craig Wilke | X | X | |
| 3. | Alberto Vargas | NOT | X | | Errol Stambler | X | X | |
| 4. | Donald Edward Aguliar | X | X | | Anthony Solis | X | X | |
| 5. | Jacobo Huanosto (waiver on file) | NOT | | X | Nancy Kardon | X | X | |
| 8. | Thomas Rodriguez (waiver on file) | NOT | X | | Peter Johnson | X | X | |
| 11. | Tyrone Christopher Rye | X | X | | Marri Derby | X | X | |
| 13. | Richard John Gaona | X | X | | Joseph F. Walsh | X | X | |
| 15. | Joseph Lara (waiver on file) | NOT | X | | David Phillips | X | X | |
| 16. | Raymond Quevedo | X | X | | Dominic Cantalupo | X | X | |
| 18. | Hector Moreno (waiver on file) | NOT | X | | Robert Sticht | X | X | |
| 20. | Ruben Hernandez | X | X | | Angel Navarro | X | X | |
| 21. | Manuel Ochoa | X | X | | Marcia Brewer | X | X | |
| 23. | Humberto Sarabia | X | X | | Hemant (Shashi) Kewalramani | X | X | |
| 24. | Suzie Rodriguez | X | | X | Robison Harley | X | X | |
| 25. | Vanessa Murillo (waiver on file) | NOT | | X | L. Jay Litman | X | X | |
| 26. | Nancy Osorio | X | X | | Stephanie Ames | X | X | |
| 27. | Ana Fuerte (waiver on file) | NOT | | X | George Steele | X | X | |
| 28. | Jesse Covarrubias | X | X | | Thomas Wolfsen | X | X | |

**Proceedings:** Defendant Tyrone Rye's Motion to Disclose Grand Jury Materials (Fld 5-27-14)

Joinders by defendants Ojeda [704]; S. Rodriguez [711]; Gaona [712]; Lara [707], Hernandez [709], Vargas [705], Aguliar [710], Huanosto [714], Sarabia [715] ; Moreno [721]; Quevedo [723]; Ochoa [738]

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendants' motion and rules in accordance with the tentative ruling as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      This RICO gang prosecution commenced on June 29, 2011. (Indictment, Docket No. 1.) All three counts of the Indictment arise from the alleged activities of the Orange County Mexican Mafia ("OC Mexican Mafia"). Defendants Tyrone Rye ("Rye"), Donald Aguilar ("Aguilar"), Richard Gaona ("Gaona"), Ruben Hernandez ("Hernandez"), Jacobo Huanosto ("Huanosto"), Joseph Lara ("Lara"), Hector Moreno ("Moreno"), Manuel Ochoa ("Ochoa"), Peter Ojeda ("Ojeda"), Raymond Quevedo ("Quevedo"), Suzie Rodriguez ("S. Rodriguez"), Humberto Sarabia ("Sarabia"), and Alberto Vargas ("Vargas") (collectively, the "Moving Defendants") move for disclosure of grand jury materials. (Motion to Disclose Grand Jury Materials ("Mot."), Docket No. 703; see also Notices of Joinder, Docket Nos. 704, 705, 707, 709, 710, 711, 712, 714, 715, 721, 723, & 738.) The United States of America (the "Government") opposes. (Docket No. 716.) The Moving Defendants have replied. (Docket No. 728.) For the following reasons, the Court **DENIES** the Motion.

I.    Legal Standard

      The general presumption is that the workings of the grand jury are secret, and that such secrecy is fundamental to its proceedings. Douglas Oil Co. v. Petrol Stop Northwest, 441 U.S. 211, 218 (1979). However, there are certain circumstances in which grand jury materials may be disclosed.

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
>
> . . .
>
> (ii) at the request of the defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

(Fed. R. Crim. P. 6(e)(3)(E)(ii); emphasis added.) The standard for disclosure requires a showing "that a particularized need exists . . . which outweighs the policy of secrecy." Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959) (internal quotation marks omitted); United States v. Walczak, 783 F.2d 832, 857 (9th Cir. 1986). Speculation does not meet the test. United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy."). There must be specific allegations of Government misconduct. United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990), overruled on other grounds as recognized by United States v. Marcus, 628 F.3d 36

(2d Cir. 2010).

II. <u>Discussion</u>

The Moving Defendants seek disclosure of the following grand jury materials: (1) transcripts of witnesses who were either part of the Santa Ana Gang Task Force ("SAGTF") or an informant; (2) any documentary evidence produced regarding the testimony of these witnesses; and (3) the argument or commentary made by the Government to the grand jury. (Mot. 10.) The theory of the Motion is that evidence presented in an unrelated state court motion (the "Dekraai Motion") reveals the possibility that SAGTF witnesses and informants committed perjury before the grand jury, that investigators used informants to elicit information from the Moving Defendants in violation of Moving Defendants' Sixth Amendment rights under <u>Massiah</u>, and that the Government withheld exculpatory evidence from the grand jury in violation of Moving Defendants' constitutional rights under <u>Brady</u>. Moving Defendants assert that such errors could lead to dismissal of the indictment.

Moving Defendants have not established a particular need that justifies the production of the grand jury transcripts or accompanying documentary evidence. The assertion of inadequacies in the evidence—whether that the evidence was obtained in violation of a constitutional right or that exculpatory evidence was withheld—rests on speculation. But these grounds, even supported by a factual basis, are insufficient. In <u>Costello</u>, the Supreme Court pointed to the vice of entertaining challenges on the basis of the evidence presented to the grand jury:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. <u>The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury</u>. This is not required by the Fifth Amendment. <u>An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits</u>. The Fifth Amendment requires nothing more.

<u>Costello v. United States</u>, 350 U.S. 359, 363 (1956) (emphasis supplied; footnote deleted); <u>accord Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 261–62 (1988).

The particular constitutional rights under <u>Massiah</u> and <u>Brady</u> that Moving Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

allege were violated are not rights available to Moving Defendants at the grand jury stage. Moving Defendants allege the grand jury may have heard testimony from informants obtained in violation of the Sixth Amendment right to counsel under Massiah.[1] (Mot. 10–12.) However, the Sixth Amendment right to counsel is offense-specific and attaches only when adversarial proceedings commence, in this case when the indictment was rendered in June 2011 (Docket No. 1). United States v. Hayes, 231 F.3d 663, 669–71 (9th Cir. 2000). Prior to their indictment on the present charges, Moving Defendants did not have a Sixth Amendment right to counsel for interrogations relating to the present charges, even though they were in custody for other offenses. Thus, the presentation to the grand jury of informant testimony obtained before the indictment could not have violated the Moving Defendants' rights under Massiah. Similarly, there is no right to production of exculpatory evidence at the grand jury stage. Moving Defendants allege the prosecution may have failed to present to the grand jury evidence of informants' criminal histories or benefits received. (Mot. 21.) Brady obligates the prosecution to turn over exculpatory evidence in discovery and trial, but prosecutors have no obligation to present exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 54 (1992); United States v. Navarro, 608 F.3d 529, 537 (9th Cir. 2010). To the extent the cases cited by Moving Defendants suggest such an obligation, the obligation does not extend to impeachment evidence of the type Moving Defendants allege was omitted. United States v. Haynes, 216 F.3d 789, 798 (9th Cir. 2000).

In any event, the Moving Defendants are entitled to Brady material at later stages in the litigation. Moreover, under the Jencks Act, Moving Defendants are also entitled to the grand jury testimony of any witnesses who also testify at trial. 18 U.S.C. § 3500.

Even assuming the particular constitutional rights alleged to be violated here were available to Moving Defendants at the time of the alleged violations and could justify dismissing the indictment, the evidence and allegations presented are insufficient. There are no particular allegations of perjury, withholding of exculpatory material, or misuse of informants related to this case; there is merely the speculation of such misconduct based upon unproven allegations from the Dekraai Motion. Moving Defendants rely most heavily on the testimony of Orange County Assistant District Attorney Dan Wagner ("Wagner"), whose testimony is not only vague regarding Moving Defendants' allegations and seemingly irrelevant to this case, but at most suggests the allegations in the Dekraai Motion prompted him to look into conduct in

---

[1] Under Massiah, a criminal defendant's Sixth Amendment "right to counsel is violated when a state agent deliberately elicits an incriminating statement outside the presence of the defendant's counsel. To establish a Massiah violation, a defendant must demonstrate both that the informant was acting as a government agent and that the informant deliberately elicited incriminating statements." Fairbank v. Ayers, 650 F.3d 1243, 1255 (9th Cir. 2011) (citing Massiah v. United States, 377 U.S. 201, 206 (1964); United States v. Henry, 447 U.S. 264, 270 (1980)).

prior investigations.[2] (Mot., Ex. F, 7–8, 15–16, 38–39.) Nothing in his testimony, or in other evidence presented, points to any actual misconduct in this case.[3]

To justify the release of the grand jury materials, Moving Defendants need to demonstrate much more than the speculation offered here. There is nothing indicating that the Government "flagrantly manipulated, overreached, or deceived the jury." United States v. Hickey, 367 F.3d 888, 894 (9th Cir. 2004) (internal quotation marks omitted). Even fully crediting Moving Defendants' speculation, there is no basis to conclude that "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." Bank of Nova Scotia, 487 U.S. at 257.

At the hearing, the Government and Moving Defendants conceded the Court need not weigh the interest of secrecy against the interest of disclosure where the defense has failed to demonstrate a particular need that could justify disclosure of the materials requested. That is the case here.

III.   Conclusion

For the reasons discussed, the Court denies the Motion.

IT IS SO ORDERED.

00 : 25

Initials of Deputy Clerk   kjt

---

[2] Moreover, that Wagner testified that unspecified defendants who were convicted in gang-related cases may receive additional evidence that could be relevant in post-conviction proceedings is irrelevant to disclosure of grand jury materials given that prosecutors have no duty to present exculpatory information to the grand jury. (Mot., Ex. E, 7–8.)

[3] Further, Moving Defendants' exhibits are not accompanied by an authenticating declaration or affidavit. Because the Court would deny the Motion even if the exhibits were admissible, the Court overlooks the error.