ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
JOSEPH T. McNALLY (Bar No. 250289)
Deputy Chief, Santa Ana Office
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorneys
U.S. ATTORNEY'S OFFICE
411 West Fourth Street
Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3597
Facsimile: (714) 338-3708
E-Mail:    Rob.Keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 11-148-JVS |
| Plaintiff, | STIPULATION FOR ORDER (1) CONTINUING TRIAL AND PRE-TRIAL STATUS CONFERENCE; AND (2) DESIGNATING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT |
| v. | |
| PETER OJEDA, et al., | |
| Defendants. | PROPOSED NEW TRIAL DATES<br>TRIAL:    April 21, 2015<br>PTC:      April 6, 2015 |

Plaintiff United States of America and defendants PETER OJEDA, ALBERTO VARGAS, DONALD AGUILAR, JACOBO HUANOSTO, THOMAS RODRIGUEZ, TYRONE RYE, RICHARD GAONA, JOSEPH LARA, RAYMOND QUEVEDO, HECTOR MORENO, RUBEN HERNANDEZ, MANUEL OCHOA, SUZIE RODRIGUEZ, VANESSA MURILLO, NANCY OSORIO, ANA FUERTE, and JESSE COVARRUBIAS, by and

1

through their respective counsel of record, hereby stipulate and agree as follows:

1. The indictment was filed on June 29, 2011.

2. Defendants ALBERTO VARGAS, DONALD AGUILAR, JACOBO HUANOSTO, JOSEPH LARA, NANCY OSORIO, ANA FUERTE, JESSE COVARRUBIAS, RUBEN HERNANDEZ, SUZIE RODRIGUEZ, and VANESSA MURILLO first appeared before a judicial officer of the Court on July 13, 2011. Defendant PETER OJEDA first appeared before a judicial officer of the Court on July 27, 2011. Defendant RAYMOND QUEVEDO first appeared before a judicial officer of the Court on August 9, 2011. Defendant RICHARD GAONA first appeared before a judicial officer of the Court on August 10, 2011. Defendants THOMAS RODRIGUEZ, TYRONE RYE, and MANUEL OCHOA first appeared before a judicial officer of the Court on August 11, 2011. Defendant HECTOR MORENO first appeared before a judicial officer of the Court on August 25, 2011. Defendant HUMBERTO SERABIA first appeared before a judicial officer of this Court on July 11, 2012.

3. The charges against seven of the defendants have been resolved via changes of plea. One defendant (MICHAEL SANCEN) has not been arraigned in this case. The charge against defendant MARIO MORALES were dismissed on October 23, 2012.

4. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial of defendants commence on or before 70 days from the date the last arrested defendant made his initial appearance.

5. By prior stipulations and orders, the Court has continued trial of this case to the current date: October 28, 2014.

6. Eighteen defendants currently remain set for trial. All of the remaining defendants, except HUMBERTO SERABIA, join in this stipulation to continue the trial from October 28, 2014 to April 21, 2015. All defendants are joined for trial and a severance has not been granted.

7. All remaining defendants are detained pending trial, except for defendants HUANOSTO, S. RODRIGUEZ, MURILLO, OSORIO, FUERTE, and COVARRUBIAS, who are on bond pending trial. The parties estimate that if all defendants go to trial, the trial in this matter will last at least 25 days.

8. By this stipulation, all but one of the remaining defendants (excepting HUMBERTO SERABIA) and the government jointly move to continue the trial of this case from October 28, 2014 to April 21, 2015. The parties further agree that the pre-trial status conference should be continued from August 22, 2014 to April 6, 2015. The parties request the proposed continuance based upon the following facts, which the parties agree demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. The Indictment in this case is 40 pages long and charges three counts. All defendants are charged in count one with a violation of 18 U.S.C. § 1960(d), Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy. Three defendants are charged in count two with a violation of 18 U.S.C. § 1959(a)(5), violent crimes in aid of racketeering. Five defendants are charged in count three with a violation of 18 U.S.C. § 1959(a)(5), violent crimes in aid of racketeering.

   b. The discovery in this case is voluminous. The government requested at each defendant's initial appearance that

1 each defense counsel produce a one terabyte hard drive to receive
2 discovery.  The government has produced discovery to defendants in
3 this manner.  The discovery produced on the defense hard-drives
4 contains numerous law enforcement reports, documents, criminal
5 history reports, consensually recorded calls, wiretap line sheets
6 and documents, and additional materials.  The discovery also
7 includes approximately 75,000 recorded telephone calls intercepted
8 pursuant to court-authorized wiretaps of telephones used by some of
9 the defendants.  It also includes numerous jail recordings and
10 "kites" (small written messages passed in jail) and letters
11 recovered from the Orange County Jail.
12             c.   In the past several months (e.g., November 2013 and
13 February 2014), the government has produced several thousand pages
14 of additional material and additional audio recordings to
15 defendants.  This discovery includes documents and recordings
16 related to a state case and two other Mexican Mafia cases, United
17 States v. Esquivel, et al., SA CR 13-168-AG, and Jose Rodriguez-
18 Landa, et al., CR 13-484-CAS.  Certain defendants have requested
19 additional discovery.
20             d.   Due to the nature of the prosecution, the number of
21 defendants, including the charges in the indictment and the
22 voluminous discovery produced to defendants, this case is so unusual
23 and complex that it is unreasonable to expect adequate preparation
24 for pre-trial proceedings or for trial within the Speedy Trial Act's
25 time limits.
26             e.   In light of the foregoing, counsel for defendants
27 also represent that additional time is necessary to confer with
28 their respective clients, conduct and complete an independent

4

investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pre-trial disposition does not occur.

      f.   Defendants' counsel further represent that failure to grant the continuance would deny each of them the time reasonable and necessary for effective preparation, taking into account the exercise of due diligence.

      g.   Defendants' counsel further agree that the failure to grant the continuance would deny continuity of counsel and adequate representation.

      h.   The time period from October 28, 2014 to April 21, 2015 constitutes a reasonable period of delay.

      i.   The government does not object to the continuance.

      j.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or any defendant, or failure on the part of the attorney for the Government to obtain available witnesses.

   9.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of October 28, 2014 to April 21, 2015, inclusive, is properly excludable from the computation of the time within which trial of this action must commence under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (ii), because the delay results from a continuance granted by the Court at defendant's request, without objection by the government, on the basis of the Court's finding that:

1      (i)    the ends of justice served by the continuance
2             outweigh the best interest of the public and
3             defendants in a speedy trial;
4      (ii)   the failure to grant the continuance would
5             likely make trial of the case as scheduled
6             impossible, impracticable, or result in a
7             miscarriage of justice;
8      (iii)  the case is so unusual and so complex, due to
9             the nature of the prosecution, the number of
10            defendants, and the voluminous discovery that
11            it is unreasonable to expect preparation for
12            pre-trial proceedings or for the trial itself
13            within the time limits established by the
14            Speedy Trial Act;
15     (iv)   the failure to grant the continuance would
16            unreasonably deny defendants continuity of
17            counsel; and
18     (v)    the failure to grant a continuance would deny
19            defendants' counsel the time reasonable and
20            necessary for effective preparation, taking
21            into account the exercise of due diligence.
22    10.   The parties agree and stipulate, and ask the Court to
23 find, that nothing in this stipulation shall preclude a finding that
24 other provisions of the Speedy Trial Act dictate that additional
25    / /
26    / /
27    / /
28    / /

time periods are excludable from the period within which trial must commence.

11. Defendant HUMBERTO SERABIA objects to the continuance.

IT IS SO STIPULATED.

Date: June 23, 2014.                ANDRÉ BIROTTE JR.
                                    United States Attorney


                                         /s/ R.J.K.
                                    ROBERT J. KEENAN
                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

By their respective e-signatures (which, via e-mail, they have authorized the government to affix hereto), each defense attorney listed below hereby represents on behalf of their respective client that: (1) they have conferred with their client regarding the continuance proposed herein; (2) their client is fully informed of their speedy trial rights; and (3) their client consents and agrees to the continuance proposed herein.

| /s/ C.W. | /s/ E.H.S. | /s/ A.M.S. |
|---|---|---|
| Craig Wilke | Errol H. Stambler | Anthony M. Solis |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| PETER OJEDA | ALBERTO VARGAS | DONALD AGUILAR |

| /s/ N.K. | /s/ P.J. | |
|---|---|---|
| Nancy Kardon | Peter Johnson | |
| Attorney for Defendant | Attorney for Defendant | |
| JACOBO HUANOSTO | THOMAS RODRIGUEZ | |

| /s/ M.D. | /s/ J.F.W. | /s/ D.M.P. |
|---|---|---|
| Marri Derby | Joseph F. Walsh | David M. Phillips |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| TYRONE RYE | RICHARD GAONA | JOSEPH LARA |

By their respective e-signatures (which, via e-mail, they have authorized the government to affix hereto), each defense attorney listed below hereby represents on behalf of their respective client that: (1) they have conferred with their client regarding the continuance proposed herein; (2) their client is fully informed of their speedy trial rights; and (3) their client consents and agrees to the continuance proposed herein.

| /s/ D.C. | /s/ R.P.S. | /s/ A.N. |
|---|---|---|
| Dominic Cantalupo | Robert P. Sticht | Angel Navarro |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| RAYMOND QUEVEDO | HECTOR MORENO | RUBEN HERNANDEZ |

| /s/ M.J.B. | /s/ R.D.H. | /s/ L.J.L. |
|---|---|---|
| Marcia J. Brewer | Robison D. Harley | Lawrence J. Litman |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| MANUEL OCHOA | SUZIE RODRIGUEZ | VANESSA MURILLO |

| /s/ S.A. | /s/ G.S. | /s/ T.H.W. |
|---|---|---|
| Stephanie Ames | George Steele | Thomas H. Wolfsen |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| NANCY OSORIO | ANA FUERTE | JESSE COVARRUBIAS |